IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DEJESUS RODRIGUEZ,

    Plaintiff,                  No. CIV S-05-2600 LKK GGH PS

    vs.

STATE COMPENSATION
INSURANCE FUND                  ORDER

    Defendants.

_____/

        Plaintiff, proceeding in this action pro se, filed his original complaint on December 22, 2005. On January 9, 2006, this court granted a request to proceed in forma pauperis in accordance with 28 U.S.C. § 1915(a). In its order, this court also dismissed plaintiff's claim based upon jurisdictional defects in the pleading and a failure to state a claim. The court gave plaintiff until February 8, 2006, to file an amended complaint that complies with the requirements of Federal law, the Federal Rules of Civil Procedure, and the Local Rules of Practice. This order was served conventionally on plaintiff at his home address.

        On the same day that the court published its order, plaintiff filed an amended complaint alleging a violation of Federal law not contained in his original complaint. Given the timing of the amended complaint and the need to serve all orders on the plaintiff through the

1

conventional mail, the court assumes that the plaintiff had not received the order dismissing his original complaint. As a result, the amended complaint will be treated as a permissible amendment under Federal Rule of Civil Procedure 15 and not a first amended complaint in response to the court's order of dismissal. This rule permits amendment of a complaint prior to the filing of any responsive pleading. On January 9, 2006, no responsive pleading from defendant had been received by the court.

However, on January 11, 2006, defendant electronically filed a responsive pleading alleging deficient service of process, failure to state a claim upon which relief can be granted, lack of subject matter jurisdiction, and res judicata. Defendant filed this responsive pleading after receiving service of the original complaint from plaintiff on or about December 20, 2005. The answer does not address the allegations in plaintiff's January 9, 2006, amended complaint.

The amended complaint filed January 9, 2006, is defective in many of the same ways as plaintiff's original complaint was defective. Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). However, like the original complaint, there appear to be no supporting facts in the amended complaint which provide the court with any basis to determine plaintiff's entitlement for relief.

Fed. R. Civ. P. 8 establishes general rules of pleading in the Federal Courts. Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires a short and plain statement which makes "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). The complaint does not meet this requirement.

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467

U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

        Plaintiff's amended complaint does not address any of the deficiencies of his original complaint, but rather, alleges a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) by the State Insurance Compensation Fund.  Plaintiff's amended complaint fails to state any facts and alleges no particular acts which implicate RICO.  It states that plaintiff is "informed" that defendant engages in the necessary RICO predicates; however, plaintiff provides no specifics about this information or the basis of his knowledge.  Plaintiff admits he is "not aware of each co-conspirator's, co-defendant's identity or scope of involvement," and simply states that through discovery and subsequent pleadings he will prove his case.  Without some factual assertions in the complaint which will provide defendants with a basis to prepare their case, including, at a bare minimum, the identity of those alleged to have committed misconduct and what they are alleged to have done, plaintiff's assertion that he "will EASILY provide insight and expose defendants' [RICO violations]" does not meet the pleading requirements of Fed. R. Civ. P. 8.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).

        If the lack of specific factual allegations in the amended complaint was the result of plaintiff's attempt simply to add an additional cause of action to his original complaint,

plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). As a result, upon filing of the amended complaint, the original complaint no longer has any legal relevance.

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, extend the leave previously granted in order to allow the plaintiff to consolidate his deficient complaints and file a comprehensive, second amended complaint. Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230. Plaintiff is reminded that his second amended complaint cannot reference either of his two previous filings and must be complete on its face. The court will not look to any allegation in plaintiff's original or amended complaint and import them into his second amended complaint. Once plaintiff files a second amended complaint, the original pleadings no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of Federal law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in

1 | accordance with this order will result in a recommendation that this action be dismissed.

2 |         3.  Because defendant's motion came in response to a complaint which no longer

3 | exists as a result of this court's January 9, 2006, dismissal, it serves no function and is moot.

4 | Accordingly, defendant's motion to dismiss filed January 11, 2006, is vacated without prejudice.

5 | DATED: 1/20/06

6 |                                         /s/ Gregory G. Hollows

7 |                                         _____
                                          GREGORY G. HOLLOWS
                                          UNITED STATES MAGISTRATE JUDGE

8 | GGH:kr
Rodriguez2600.amd2.wpd