IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DEJESUS RODRIGUEZ,

    Plaintiff,                        No. CIV S-05-2600 MCE GGH PS

    vs.

STATE COMPENSATION
INSURANCE FUND                   <u>FINDINGS & RECOMMENDATIONS</u>

    Defendants.

_____/

          The plaintiff, proceeding in this action pro se, filed his original complaint on December 22, 2005. On January 9, 2006, this court granted a request to proceed in forma pauperis in accordance with 28 U.S.C. § 1915(a). In its order, this court also dismissed plaintiff's complaint based upon jurisdictional defects in the pleading and a failure to state a claim. On January 20, 2005, the court dismissed the plaintiff's amended complaint with leave to file a second amended complaint. The dismissal of the amended complaint was based partly upon the failure of the plaintiff to present a cognizable federal claim over which the court had jurisdiction. In those areas of the complaint where the court might presumably have jurisdiction based upon an alleged violation of a federal statute, the plaintiff failed to sufficiently articulate the basis for his claim. The court gave plaintiff 30 days to file a second amended complaint with

1

regards to these potential violations.  The plaintiff filed a second amended complaint on January 26, 2005.  The defendant responded with a motion to dismiss on February 15, 2005.  The plaintiff filed his opposition to the motion to dismiss on February 28, 2005.[1]

LEGAL STANDARD FOR MOTION TO DISMISS.

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803  (1994); Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true.  Church of Scientology of California v. Flynn, 744 F.2d 694 (9th Cir.1984).  The court construes the pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor.  Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).  General allegations are presumed to include specific facts necessary to support the claim.  NOW, 510 U.S. at 256, 114 S.Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998).  Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts.  Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).  The court may consider matters of public

---

[1] The plaintiff devotes a significant portion of his opposition to the motion to dismiss to an argument surrounding the initial denial of his workman's compensation claim.  As noted below, this is a contractual matter over which this court has no jurisdiction.  The remainder of his motion consists primarily of a recitation of the legal standard for granting of a summary judgment motion and raises no new points of law or fact necessary for this motion to dismiss.

record, including pleadings, orders, and other papers filed with the court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S.Ct. 2166 (1991). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

ANALYSIS

The second amended complaint filed January 20, 2006, is defective in many of the same ways as plaintiff's original complaints. Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). However, there appear to be no supporting facts in the second amended complaint that provide the court with any basis to determine plaintiff's entitlement for relief. The plaintiff's second amended complaint does not address any of the deficiencies of his original complaints, but rather, simply restates his allegations and attempts to establish federal jurisdiction through the invocation of the Racketeer Influenced and Corrupt Organizations Act (RICO), the Hobbs Act, and 42 U.S.C. § 1983.

The plaintiff fails to articulate any facts which demonstrate how these federal laws have been violated. Mere reference to a federal law without the facts to support jurisdiction do not create a federal action. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995). In each

instance, the plaintiff relies on baseless assertions of fact to make conclusory allegations of misconduct that, even when viewed in the light most favorable to the plaintiff, do not rise to a federal violation.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).

The facts offered by the plaintiff fail to establish any apparent violation.  For example, the plaintiff asserts that the defendants utilized the mail and phone to threaten the plaintiff and to deny treatment for the plaintiff's injuries.  It is these acts that the plaintiff contends constitute fraud and extortion.  However, the plaintiff fails to identify how these acts demonstrate the requisite pattern of racketeering activity necessary for a RICO violation.  18 U.S.C. §§ 1961 - 1964.

Any fraud allegation under RICO requires not only the notice pleading requirement of Fed. R. Civ. P. 8, but also the higher pleading standard of Fed. R. Civ. P. 9.  "The 'complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which the plaintiff[] contend[s] the statements were made, and identify those responsible for the statement.'" McLaughlin v. Anderson, 962 F.2d 187 (2nd Cir.1992) (quoting Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir.1989); See also Sears v. Liken, 912 F.2d 889, 893 (7th Cir. 1990) (dismissing RICO complaint that failed to allege how misrepresentations furthered the fraudulent scheme).  The plaintiff's allegations do not meet the basic notice pleading standard, let alone the heightened standard required by the rules and the law.  As a result of their conclusory nature, the assertions by the plaintiff that the defendants are in violation of RICO simply do not withstand scrutiny.

Similarly, in his allegation that the defendants' conduct violates the Hobbs Act, the plaintiff fails to meet the necessary burden to survive the motion to dismiss.  The Hobbs Act criminalizes robbery, extortion, and physical violence, or any plan or scheme to commit those

1  acts, which affects interstate commerce.  18 U.S.C. § 1851.  However, unlike RICO, the Hobbs
2  Act does not provide a civil counterpart to any criminal offense, nor can one be implied from the
3  legislative language.  See Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402 (8th Cir.
4  1999) (rehearing and rehearing en banc denied); John's Insulation, Inc. V. Siska Const. Co., Inc.,
5  774 F. Supp. 156 (S.D.N.Y. 1991).  As a result, any apparent violation of the act does not give
6  the plaintiff a private right to sue.

7  Furthermore, even if a right to sue under the act did exist, the plaintiff does not
8  allege a single fact which supports his allegation of a violation.  Rather, the plaintiff simply
9  characterizes the denial of his benefits as robbery and extortion.  Without some evidence of the
10 actual loss of a property right, such characterization does not create a criminal Hobbs Act
11 violation.  See United States v. Boylan, 898 F.2d 230 (1st Cir. 1990) (cert. denied) (requiring a
12 Hobbs Act violation to include the relinquishment of property); United States v. Capo, 817 F.2d
13 947, 950-951.

14 The plaintiff's third claim of a violation of 42 U.S.C. § 1983 is also lacking.  The
15 plaintiff claims a violation of his civil rights, yet offers nothing more than a quotation of the legal
16 standard lifted from the statute and a citation to a case.  The court will not read meaning into the
17 plaintiff's complaint in order to discern the basis for his allegation.

18 Finally, despite its previous dismissal, the plaintiff chooses again to allege a
19 violation of his contractual rights under his worker's compensation policy.  As noted previously,
20 claims for relief based upon breach of contract or state law violations are generally not proper
21 matters for federal court.  A suit generally arises under the law which created the cause of action.
22 American Well Works Co. V. Layne and Bowler Co., 241 U.S. 257, 260, 36 S. Ct. 585, 586, 60
23 L.Ed. 987 (1916).  An action for the proceeds of an insurance policy is usually a matter for state
24 law.  See Hudson Ins. Co. V. American Elec. Co., 748 F. Supp. 837 (M.D.Fla.1990).  As a result,
25 on the face of the complaint as presented to this court, there is no federal authority granting
26 jurisdiction over the contractual matters alleged by the plaintiff.

Unlike his amended complaint, the plaintiff makes no specific claim of an Eighth Amendment violation. However, in his prayer for relief, the plaintiff requests the court to "declare the defendants' unconstitutional acts...unlawful and violative of the Eighth Amendment's ban on cruel and unusual punishment." Def. Second Amended Complaint, p. 13. As noted in its previous order, the Eighth Amendment applies to the states through the Due Process Clause of the Fourteenth Amendment. Furman v. Georgia, 408 U.S. 238, 92 S. Ct. 2726, 33 L.Ed.2d 346 (1972) (per curiam). Any Eighth Amendment claim requires some excessive fine or punishment. Punishment is sanction imposed by the state which serves a remedial, retributive, or deterrent purpose. Austin v. United States, 509 US. 602, 609-610, 113 S. Ct. 2801, 125 L.Ed2d 488 (1993); Wright v. Riveland, 219 F.3d 905 (9thCir.2000). The plaintiff has failed to offer any facts in his complaint which demonstrate that the apparent denial of his workman's compensation claim was intended by the state to further these punitive functions. The mere denial of workman's compensation by the State Insurance Compensation Fund does not present a federal question.

CONCLUSION

The plaintiff has not alleged sufficient facts which support his complaint, nor has he presented any cognizable legal theory upon which his action can proceed. The plaintiff has failed to properly articulate any apparent violation of a federal statute that could give this court jurisdiction. Furthermore, the plaintiff has not alleged with sufficient particularity any violation of a constitutionally protected right.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss be granted; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten (10) days after service of the objections.  The parties are
4  advised that failure to file objections within the specified time may waive the right to appeal the
5  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: 3/14/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:kr
Rodriguez2600.mdm.amd2.wpd